16 F.3d 414
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES TRUST COMPANY OF NEW YORK, Plaintiff-Appellee,
v.
Brooks MONROE, Defendant-Appellant.
 No. 93-2147.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 16, 1993.
Decided: Jan. 10, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CA-92-10-C)
 Brooks Monroe, Appellant Pro Se.
 Tyler Perry Brown, Patricia Lea Hobbs, HUNTON & WILLIAMS, Richmond, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The United States Trust Company of New York (the"Bank") filed a Complaint against Brooks Monroe seeking enforcement of payment of a demand note. There is no dispute that Monroe executed the note or that it was a demand note. Monroe defended on the basis that the demand note was orally modified by a September 13, 1991, conversation between Monroe and a member of senior bank management into a "collateralized agreement," which Monroe asserted was corroborated by a September 17, 1991, letter from a bank agent. He asserted that pursuant to the oral modification, he was allowed to collateralize the loan rather than continue making quarterly payments as they became due, and to extend the payment of the note to a date coinciding with the sale of the collateral. The Bank sought summary judgment, contending that Monroe had not asserted a proper legal defense.
 
 
 2
 The case was heard by a magistrate judge pursuant to 28 U.S.C. Sec. 636(b)(1)(A), (B) (1988), who determined that there was only a modification of the manner in which interest was billed and collateralization of the note. These modifications did not, under applicable New York law, change the nature of a demand note. The magistrate judge recommended granting the Bank's Motion for Summary Judgment.
 
 
 3
 Monroe filed three objections to the magistrate's report. The first objection was to the magistrate judge's factual finding that the conversation of September 13, 1991, was between Monroe and the Senior Vice President of the Bank. Monroe's second objection was to the magistrate judge's finding that further discovery was unnecessary.* The final objection was to the magistrate judge's finding that the Bank retained the right to demand payment on the note after it agreed to collateralization of the note.
 
 
 4
 The district judge performed a de novo review of the entire record, including the tapes of the hearing before the magistrate judge, adopted recommendation of magistrate judge, and granted summary judgment for the Bank. From that decision, Monroe appeals. We find no error by the district court, and accordingly affirm.
 
 
 5
 Summary judgment is appropriate when there is no genuine issue of material fact that could lead a trier of fact to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant." Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir.1990) (citing Anderson, 477 U.S. at 255). This Court reviews de novo a district court's grant of summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 
 6
 Even construed in the light most favorable to Monroe, because the intended date of the sale of the collateral to which payment of the note was allegedly extended came and went without an actual sale and payment was not made on the sale, the Bank had a right to demand payment. In addition, under applicable New York case law, acceptance of collateralization of a note and modification of the method for billing interest would not change the demand nature of the note absent written agreement by both parties. National Westminster Bank, USA v. Vannier Group, 554 N.Y.S.2d 482, 483-84 (N.Y.App. Div.1990). Consequently, additional discovery supporting Monroe's defense would not create a genuine issue of material fact. Further, that the magistrate may have been mistaken as to the identity of the member of the Bank's senior management with whom Monroe conversed on September 13, 1991, has no effect on the merits of this case.
 
 
 7
 We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Bank has asserted in its Motion for Summary Judgment, that it has complied, in good faith, with Monroe's discovery requests